**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DEVANTE DAVIS,

                Petitioner

    v.

WARDEN,

              Respondent.

CIVIL ACTION NO. 3:25-CV-02471

(MEHALCHICK, J.)

**MEMORANDUM**

DeVante Davis, incarcerated at FCI-Schuylkill, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). For the reasons set forth below, the Court will dismiss the petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On April 18, 2019, in the United States District Court for the Eastern District of Missouri, Davis was sentenced to 65 months' imprisonment after pleading guilty to being a felon in possession of a firearm (18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(8)) and possession of fentanyl with intent to distribute (21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C)). *See United States v. Davis*, No. 4:23-CR-00067, Doc. 48 (E.D. Mo.).

The Court received Davis's habeas corpus petition on December 19, 2025. (Doc. 1). In the petition, Davis contends that he is entitled to a 1-year reduction in his sentence because

he has completed the Residential Drug Abuse Program ("RDAP"), but the Bureau of Prisons ("BOP") has wrongly deemed him ineligible for the reduction because his conviction is being wrongly classified as a "crime of violence." Following two administrative orders granting Davis extensions of time to pay the filing fee or seek leave to proceed *in forma pauperis*, the Court received his filing fee on February 2, 2026. *See* (Doc. 6).

## II.    DISCUSSION

The BOP's management of the RDAP is governed by 18 U.S.C. § 3621. When an inmate successfully completes "a program of residential substance abuse treatment," including the RDAP, his sentence "*may* be reduced by the Bureau of Prisons" for up to one year. *See* 18 U.S.C. § 3621(e)(2) (emphasis added). Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP. *See* 28 C.F.R. § 550.55. These disqualifying offenses include any felony conviction that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." *See* 28 C.F.R. § 550.55(b)(5)(ii).

Because RDAP placement is discretionary, "many courts have held that they lack jurisdiction to consider challenges to RDAP early release decisions." *See VanOchten v. United States*, No. 1:25-CV-00133, 2025 WL 1644370, at *1 (M.D. Pa. June 9, 2025); *Harvey v. Warden/Superintendent of USP Canaan*, No. 21-CV-02150, 2022 WL 2292006, at *5 (M.D. Pa. June 24, 2022) (listing cases). Regardless, it is clear from the petition that Davis would not be entitled to habeas relief. Davis was convicted of being a felon in possession of a firearm, which disqualifies him from the RDAP reduction under the relevant regulation. Although he contends that the BOP's denial amounts to "considering [his] non-violent offense to be a

crime of violence,"[1] this assumption is contradicted by the BOP's "Prior Offense Review" attached to his petition. Specifically, the exhibit shows that he was deemed ineligible for the RDAP reduction (18 U.S.C. § 3621(e)(2)(B)) because of his "current commitment under the current version of 28 C.F.R. § 550.55(b)," which does not require any determination of a "crime of violence." *See* (Doc. 1-2); *see*, *e.g.*, *Jenkins v. Greene*, No. 1:25-CV-730, 2025 WL 2796766, at *2 (M.D. Pa. Sept. 29, 2025) (the regulation "denies RDAP credit to inmates convicted of crimes involving firearms not because they are 'crimes of violence,' but rather simply as an exercise of the discretion granted to the BOP by Section 3621").

## III.    CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed. An appropriate order follows.

Dated: March 12, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

[1] Although Davis does not contend that the applicable regulations exceed the BOP's authority, he includes references to case law that has been cited for that purpose in other petitions. Regardless, any such claim would lack merit, because the Supreme Court has endorsed the language now used in 28 C.F.R. § 550.55(b) (disqualifying inmates with felony convictions involving "the carrying, possession, or use of a firearm or other dangerous weapon" from the RDAP reduction) as a valid exercise of the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230, 241-45 (2001); *see*, *e.g.*, *Taylor v. Warden*, No. 3:26-CV-408, 2026 WL 579472, at *3-6 (M.D. Pa. Mar. 2, 2026).